## Easby *versus* The City of Philadelphia.

1. Acts of Assembly authorized the Councils of Philadelphia by ordinance to require owners of docks in the Delaware and Schuylkill to cleanse them, and upon default, after thirty days' notice, the city was to do the work and apportion the expense on owners of adjoining wharves, &c., according to the extent of the wharves and to enter liens for the expense. The Act of May 20th 1864 vested these powers in the port wardens, the liens to be collected by the city solicitor and claims filed, to be governed by the same rules of evidence as those for removal of nuisances by the board of health. *Held*, that the Act of 1864 is constitutional.

2. The wardens are not required to pass ordinances or exercise legislative authority.

3. A claim for such work is properly filed in the name of the city.

4. An order by the wardens to cleanse the docks is necessary, and notice of the order must be given. Per THOMPSON, C. J., and AGNEW, J.

5. The recital in the claim that notice of the order had been given is primâ facie evidence that the order had been made. *Id.*

January 12th and 13th 1871. Before THOMPSON, C. J., READ, AGNEW and WILLIAMS, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 18, to July Term 1870.

This was a scire facias, issued November 15th 1869, by the City of Philadelphia to the use of "The American Dredging Company" against William Easby, owner, &c., on a claim in the same form, filed November 10th 1869, for dredging, &c., a dock in the river Delaware, opposite the premises owned by the defendant. The amount of the claim was $1203.11.

The claim, after setting out a description of the defendant's premises, the work done, &c., averred as follows: "and the work aforesaid was done after notice had been served by the order of the Board of Port Wardens of the City of Philadelphia upon the owners of the wharves and piers which surround the docks above mentioned, to cleanse the same, and upon default by said owners, for more than thirty days after the service of said notice upon them, to perform the said duty."

The case was tried March 2d 1870, before Stroud, J., when the plaintiffs offered the claim in evidence. It was objected to by the defendant:—

"1. That it is incumbent on the plaintiff to show that the port wardens have exercised the powers conferred on them by the Act of Assembly in relation to cleansing docks, before the statements contained in the claim are entitled to be read in evidence.

"2. That a claim for such work should be filed in the name of the port wardens and not in the name of the City of Philadelphia."

The court admitted the evidence, and sealed a bill of exceptions. The plaintiffs then closed.

The defendant offered in evidence the minute books of the

17 P. F. SMITH—22

[Easby *v.* City of Philadelphia.]

wardens, to show that they had not provided by ordinance or other legal action for cleansing the dock in question.

He also offered to prove that the expense of cleansing the docks in the vicinity of the premises had not been apportioned amongst the adjoining owners in proportion to the extent of their wharves, and that the defendant had been charged with more than his legal proportion of the expense. Both offers were objected to by the plaintiff, and several bills of exception sealed.

The defendant submitted the following points, which were refused :—

1. The Act of Assembly of May 20th 1864, transferring legislative power from the city councils, a legislative body, to the port wardens, who are not a legislative body, is therefore unconstitutional.

2. But if the said act is constitutional, it was incumbent on the port wardens to provide by ordinance for the cleansing of the docks; and if they have not done so, the plaintiffs cannot recover in this action.

3. It was incumbent on the port wardens at least to provide by sufficient official action of the board of wardens for cleansing the docks, which action should be made to appear by the minutes of said board.

4. The claim in this case should have been filed in the name of the port wardens, and the plaintiffs are not entitled to maintain and recover upon the claim filed.

5. But if the claim is properly filed and proceeded upon, the plaintiffs are not entitled to recover more than such an amount as shall be in proportion to the extent of the defendant's wharf having the privilege of the dock cleansed.

6. The port wardens are required by the Act of Assembly to apportion the expenses of cleansing the docks among the owners of the wharves and piers adjoining, and it does not appear that they did so in this case.

The verdict was for the plaintiff for $1227.17.

The defendant took a writ of error. He assigned for error the decisions of the court on the questions of evidence and the refusal of his points.

The Acts of Assembly under which the claim in this case was made, are :—

Act of May 13th 1856, § 12 (Pamph. L. 570), which provides, that it shall be lawful for the councils of said city to provide, by ordinance, for the cleansing of the docks on the Delaware and Schuylkill front of said city, and to require the owners of wharves and piers which surround such docks, to cleanse the same; and after thirty days' default, from the service of notice on them to perform said duty, it shall be lawful for the city to do said work, and to apportion the expenses thereof among the owners of the

[Easby v. City of Philadelphia.]

wharves and piers adjoining, in proportion to the extent of their wharves having the privilege or use of such docks, and to collect the same by filing liens therefor, and process thereupon, as in case of claims for paving; provided that no dock shall be cleansed to a greater depth than the natural bed of the river.

Act of April 22d 1858 (Pamph. L. 449), which provides, that the city councils of Philadelphia shall have authority, by ordinance, to direct owners of docks and wharf property to clean their docks, after certain notification by the proper officer of the city government, with power, in case of refusal or neglect on the part of any parties thus notified, to cleanse such docks, and to enter liens against the surrounding property for its respective proportion of the expense attending such work.

Act of May 20th 1864 (Pamph. L. 906), which provides that the powers vested in the councils of Philadelphia by the Acts of April 22d 1858, May 13th 1856, be and the same are hereby vested in the port wardens; provided that all liens filed to collect the expenses of the said work, shall be filed by the city solicitor, and the lien for said work shall have the same force and effect as liens for municipal work, in the city of Philadelphia, under existing laws, and the claims filed for the same shall be governed by the same rules of evidence as those filed in the city of Philadelphia, for the removal of nuisances, by the board of health.

The laws relating to the removal of nuisances by the board of health are the Acts of April 7th 1830 (Pamph. L. 348) and of March 11th 1846 (Pamph. L. 115), stated by Mr. Justice Read in delivering the opinion of the Supreme Court.

W. S. Price, for plaintiff in error, referred to the Acts of 1856, 1858 and 1864, supra. The work having been done by the wardens the claim should have been in their name instead of the city : Philadelphia v. Wistar, 11 Casey 427 ; Wistar v. Philadelphia, 3 Grant 311. The wardens should have provided by ordinance for the dredging : City v. Lea, 5 Phila. Rep. 77 ; Reilly v. Philadelphia, 6 Id. 228 ; s. c. 10 P. F. Smith 467. The defendant might prove that the wardens had not provided by ordinance for the work : Johnson v. Philadelphia, 5 Phila. Rep. 445 ; Kensington v. Keith, 2 Barr 218. The defendant might prove that he was charged too much : Thomas v. N. Liberties, 1 Harris 117. This charge was a tax, the power to lay which was confided to the councils ; they could not constitutionally transfer it to the wardens : Pennock v. Hoover, 5 Rawle 219.

S. W. Pettit, for defendant in error.

The opinion of the court was delivered, February 20th 1871, by READ, J.—This case arises under the provisions of the 12th section of the Act of 13th May 1856, and of the further supple-

[Easby *v.* City of Philadelphia.]

ment to the Act incorporating the city of Philadelphia, passed 22d April 1858, and of the 2d section of an Act regarding the Port of Philadelphia, passed 20th May 1864. The first two acts gave the city councils certain·authorities relative to the cleansing of the docks on the Delaware and Schuylkill front of the city, and the last act vested these powers in the port wardens. All the powers therefore relating to cleansing the docks given to councils by the Acts of 1856 and 1858, were transferred to and vested in the port wardens, who were to carry them into effect according to the constitution of their own body. The councils could by their fundamental law, act only by ordinance, and the Act of 1864 never did so absurd a thing as force a power to pass ordinances on an executive body, the port wardens. This being the case the objection that the act is unconstitutional falls to the ground.

The first error is answered by the 4th section of the Act 11th March 1846, Pamph. L. 115 : " Such claims may in suits thereon be read as evidence of the facts therein set forth;" and in the claim filed, notice to cleanse the same is averred to have been given agreeably to the Act of Assembly, and the second, fourth and fifth errors are answered by the fact that the port wardens are not required to pass ordinances or to exercise any legislative authority. The claim was properly filed in the name of the· city, the municipal corporation, of whom the port wardens are the agents, and the third, sixth, eighth and ninth errors by the following provisions of the existing laws : " All liens to collect the expenses of the said work shall have the same force and effect as liens for municipal work in the city of Philadelphia under existing laws, and the claims filed for the same shall be ·governed by the same rules of evidence as those filed in the city of Philadelphia for the removal of nuisances by the board of health."

Docks uncleansed were nuisances in the rivers within the immediate jurisdiction of the port wardens. By the 2d section of the Act of 7th April 1830, Pamph. L. 348, it is enacted, that " upon the trial of which (the scire' facias) the fact of the nuisance shall not be inquired into, and the defendant or defendants shall only' be permitted to give evidence of payment, or· that unnecessary expenses were incurred by the board in the removal of the nuisance;" and by the 4th section of the Act of 11th March 1846, it is enacted, " and no plea alleging non-joinder or mis-joinder of parties, no 'plea averring want of notice to remove nuisances, no plea touching the rates or proportions of contribution among parties jointly interested, nor any plea touching the question of ownership shall be allowed in any such action."

These acts clearly cover all the offers made by the defendant, and exclude the evidence proposed to be given.

Judgment affirmed.

[Easby v. City of Philadelphia.]

AGNEW, J.—I concur in the judgment. While I agree that an ordinance, in the sense of a legislative act, is not within the province of the port wardens, I think an order to cleanse the docks is necessary, of which notice must be given. This notice is evidence of the order or regulation of the wardens, and being recited in the claim, is, under the law, primâ facie evidence, and the judgment can be supported on this ground, the want of an order not being shown.

THOMPSON, C. J.—I concur with my brother Agnew.

WILLIAMS, J., dissented.